IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

KENNETH JOHNSON,

    Plaintiff,

v.                                                                              CV-06-J-4874-S

UNITED COLLECTIONS
BUREAU, INC.,

    Defendant.

## MEMORANDUM OPINION

Pending before the court is the defendant's Motion for Partial Summary Judgment (doc. 35). The defendant filed a brief and evidentiary materials in support of its motion (doc. 36 & exhibits 1-7 to doc. 35). The plaintiff filed a brief in response which is also supported by evidentiary materials (doc. 40 & exhibits A-K to doc. 40). The defendant then filed a reply to the plaintiff's response (doc. 43).

Also pending before the court is the defendant's Motion to Strike exhibits J and K from the plaintiff's response (doc. 42).

Upon consideration of the parties' motions, evidentiary submissions, and written arguments, the court concludes that the defendant's Motion for Partial

Summary Judgment is due to be **GRANTED** as set out below.  In addition, the court concludes that the defendant's Motion to Strike is due to be **GRANTED** as set out below.

### Factual Background

There is very little dispute between the parties over the underlying facts in this case.  In 2006, the plaintiff, Mr. Johnson was laid off from work and, as a result, became delinquent on his credit card payments.  First Amended Compl., ¶ 5.  The defendant, United Collections Bureau, Inc. ("UCB"), was responsible for collecting the debt of $1,125.34 that Mr. Johnson owed on his credit card.[1]  First Amended Compl., ¶ 6; Exhibit B to Plaintiff's response.  In the summer of 2006, Mr. Johnson and UCB reached an agreement whereby Mr. Johnson would settle the outstanding debt on his credit card by making a series of payments.  First Amended Compl., ¶ 6.

On August 31, 2006, Mr. Johnson received two phone calls on his cell phone from UCB while he was in a work-related meeting.  Johnson dep. at 25-26, 31.  At that time, Mr. Johnson was working as a program coordinator at the

---

[1]UCB is a debt collector as that term is defined in the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") ("any person in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6)).

University of Alabama at Birmingham ("UAB"). *Id*. at 24. Mr. Johnson told the UCB employee that he was in a meeting and would have to call UCB back. *Id*. at 26. UCB called Mr. Johnson a second time while he was in the same meeting, but this time Mr. Johnson did not answer because he knew it was UCB. *Id*. at 31-33.

After the meeting was finished, Mr. Johnson called UCB back and requested that UCB not call him during work hours. *Id*. at 33. The UCB employee, who was female, wanted the expiration date on Mr. Johnson's checking card so that the next scheduled payment could be completed. *Id.* at 33, 35, 42. Mr. Johnson refused to give the employee the expiration date because he believed he had another day before his next payment was due. *Id*. at 33-34, 36. Mr. Johnson threatened to sue UCB if it did not quit harassing him and then ended the call by hanging up the phone. *Id*. at 34.

Almost immediately after the second call ended, Mr. Johnson received a text message that stated, "YOU FUCKING DUMB ASS I WISH YOU SHUT THE FUCK UP AND LISTEN I BET YOU ARE A IRATE ASS NIGGA!!!!" *Id*. at 52; Exhibit E to Plaintiff's Response. A couple of minutes later, Mr. Johnson received a second text message that stated, "IT IS VERY IMPORTANT THAT YOU GIVE THE OFFICE OF UCB A CALL 1-800–394-7590 EXT 6922 WITH ATTORNE [sic]" Johnson dep. at 53-54; Exhibit D to Plaintiff's Response.

3

After he received the second text message, Mr. Johnson called UCB and asked to speak to Orlando Hall. Johnson dep. at 57. Mr. Johnson told Mr. Hall about the text messages. *Id*. at 57-58. Mr. Hall did not believe Mr. Johnson's accusations and asked Mr. Johnson to forward the messages to him. *Id*. Mr. Johnson asked to speak with Mr. Hall's boss and he was either transferred to or called back and spoke to Christine Caggiano. *Id*. at 58-59. At her request, Mr. Johnson sent Ms. Caggiano the text messages and Ms. Caggiano promised to investigate the incident. *Id*. at 59.

A couple of days after Mr. Johnson sent Ms. Caggiano the text messages, he called her back to see what she had discovered. *Id*. at 60-61. Ms. Caggiano informed Mr. Johnson that the text message was sent from the UCB office through the website searchbug.com.[2] *Id*. at 61. The next time that Mr. Johnson spoke to UCB, he was informed that the employee who sent the text message, Valentina Hooker, no longer worked for UCB. *Id*. at 63; Exhibit G to Plaintiff's Response.

On November 8, 2006, Mr. Johnson filed this lawsuit in Jefferson County Circuit Court alleging three FDCPA violations and a claim of outrage. Exhibit A to Notice of Removal (doc. 1). The case was subsequently removed to the United

---

[2]Searchbug.com is a website that can be used to acquire contact information for people. Terry dep. at 80. UCB allowed its employees access to searchbug.com in order to locate contact information for debtors. Terry dep. at 80.

States District Court for the Northern District of Alabama by the defendant. Notice of Removal. On June 20, 2007, the plaintiff filed an amended complaint to add a negligence/wantonness claim (doc. 15).

## Standard of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Supreme Court has explained the summary judgment standard as follows:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Id.* at 322-23. The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to

the nonmoving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324; Fed. R. Civ. P. 56(e). In meeting this burden the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 587, *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

On motions for summary judgment, the court shall construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. *See Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970). The substantive law will identify which facts are material and which are irrelevant. *Anderson,* 477 U.S. at 248. All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the nonmovant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Id*. at 249-50. The

basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-252.

## Discussion

*UCB's Motion to Strike*

In its Motion to Strike, UCB seeks to have exhibits J and K to Mr. Johnson's response to UCB's Motion for Partial Summary Judgment stricken. Exhibits J and K are printouts of the searchbug.com website that are dated January 10, 2008. These exhibits are due to be stricken because there is no evidence that exhibits J and K accurately represent the searchbug.com webpage as it existed on August 31, 2006.

*UCB's Motion for Partial Summary Judgment*

UCB's Motion for Partial Summary Judgment seeks an entry of summary judgment in its favor on Mr. Johnson's claims for negligence/wantonness and outrage. UCB does not seek an entry of summary judgment on Mr. Johnson's FDCPA claims.

Under Alabama law, a plaintiff must demonstrate four elements to establish negligence: (1) duty, (2) breach of that duty, (3) proximate cause, and (4) actual

damages or injury. *Belew v. U.S.*, 2007 WL 3023127 * 2 (11th Cir. 2007) (citing *Martin v. Arnold*, 643 So.2d 564, 567 (Ala. 1994)). Mr. Johnson alleges that UCB had a duty to ensure that its employees did not send harassing text messages to debtors. First Amendment Compl., ¶ 17. Mr. Johnson further alleges that UCB's breach of this duty was so great that it rises to the level of wantonness. *Id*.

Mr. Johnson's claim against UCB is, in essence, a claim for negligent supervision or training.[3] To avoid summary judgment on a negligent supervision claim, the plaintiff must demonstrate that the alleged incompetence of the employee was actually known to the employer or was discoverable by the employer if it had exercised care and proper diligence. *Ledbetter v. United America Insurance, Co.*, 624 So.2d 1371, 1373 (Ala. 1993) (citing *Perkins v. Dean*, 570 So.2d 1217, 1219-20 (Ala. 1990)). In this case, the alleged incompetence is the harassing communication sent by Ms. Hooker to Mr. Johnson. Therefore, to avoid summary judgment Mr. Johnson must show that UCB either knew or should have known that Ms. Hooker had a propensity for sending harassing communications to debtors. *See Ledbetter*, 624 So.2d at 1373.

The court finds that Mr. Johnson has failed to offer any proof that UCB

---

[3]Under Alabama law, there is no distinction between claims of negligent supervision and negligent training. *Zielke v. AmSouth Bank, N.A.*, 703 So.2d 354, 358 n. 1 (Ala. Civ. App. 1996).

knew or should have known of Ms. Hooker's propensity for sending harassing communications to debtors.  In fact, UCB's vice president and general counsel, John Terry, testified at his deposition that he had never heard of a similar incident ever happening in his career.  Terry dep. at 180-81.  Furthermore, UCB was unaware until this incident that text messages could be sent through the searchbug.com website.  Terry dep. at 173-74.  Finally, the plaintiffs have not offered any evidence that Ms. Hooker has engaged in other similar acts.

Likewise, the court finds that summary judgment is due to be granted on Mr. Johnson's claim for wantonness.  The Alabama Supreme Court has defined wantonness "as the conscious doing of some act or the omission of some duty while knowing of the existing conditions *and* being conscious that, from doing or omitting to do an act, injury will likely or probably result."  *Ex parte Essary*,  2007 WL 3238879, *3 (Ala.) (citing *Bozeman v. Central Bank of the South*, 646 So.2d 601 (Ala. 1994)).  Mr. Johnson has failed to offer any evidence that UCB's supervision of Ms. Hooker was wanton.

Finally, the court finds that summary judgment is due to be granted on Mr. Johnson's claim for outrage.  To avoid summary judgment on a claim of outrage, the plaintiff must "present sufficient evidence that the defendant's conduct (1) was intentional or reckless; (2) was extreme and outrageous; and (3) caused emotional

distress so severe that no reasonable person could be expected to endure it." *Thomas v. BSE Industrial Contractors, Inc.*, 624 So.2d 1041, 1043 (Ala. 1993). "The determination as to whether a statement or action is sufficiently extreme or outrageous to support a cause of action for outrageous conduct is, in the first instance, one for the trial court to make as a matter of law." *Grimsley v. Guccione,* 703 F. Supp. 903, 907 (M.D. Ala. 1988) (citing *Logan v. Sears, Roebuck & Co.*, 466 So.2d 121, 123 (Ala.1985)).  The conduct alleged must be "so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society." *Harris v. McDavid*, 553 So.2d 567, 570 (Ala. 1989).

In *Shepard v. Summit Management Co., Inc*., 726 So.2d 686 (Ala. Civ. App. 1998), the court held that summary judgment was properly entered on the plaintiff's claim for outrage where the plaintiff's boss told the plaintiff "that's why I don't like niggers" and "sometimes you have to be treated like slaves." *Id*. at 694.  The court held that the employer's conduct did not rise to the level of conduct required for the tort of outrage. *Id*. at 694.  While it is despicable that Mr. Johnson received the offensive text message from a UCB employee, the text message was not so extreme or outrageous as to support a claim for outrage under Alabama law.

## Conclusion

Having considered the foregoing, and being of the opinion the defendant is entitled to judgment in its favor as a matter of law, it is therefore **ORDERED** by the court that the defendant's Motion for Partial Summary Judgment be and hereby is **GRANTED**, the court finding no genuine issues of material fact remain. Additionally, it is **ORDERED** that the defendant's Motion to Strike be and hereby is **GRANTED**.

**DONE** and **ORDERED** this the 30th day of January 2008.

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE